HOPKINS, APPELLEE, *v.*
GILES, ADMR., APPELLANT;
CAMPBELL, CHMN., ET AL., APPELLEES.

(No. C-810537—Decided April 14, 1982.)

*Messrs. Kircher & Phalen* and *Mr. Gary M. Eby,* for Harrison T. Hopkins.

*Mr. William J. Brown,* attorney general, and *Mr. Eugene P. Nevada,* for Albert G. Giles, Admr.

BLACK, J. Plaintiff-appellee Harrison T. Hopkins's application for unemployment compensation was denied by the Ohio Bureau of Employment Services ("OBES") under R.C. 4141.29(D)(1)(a), because OBES found that his unemployment was due to a labor dispute.[1] Upon appeal under R.C. 4141.28(O), the court of common pleas held that OBES's denial was against the manifest weight of the evidence, reversed that decision, and ordered OBES to pay Hopkins unemployment compensation. OBES appealed to this court, citing three assignments of error.[2] We reverse the decision of the court of common pleas and reinstate the decision of the Board of Review of OBES.

We find no significant factual dispute. When Hopkins's supervisor told him that the company's workforce at the Stewart Power Plant needed a welder, he said he would go. At the conclusion of his fourth workday there (May 31, 1979), he was laid off, and the next day (June 1, 1979) a strike began at the power plant. Hopkins said, "I was told by Ed Brookbank, foreman, that he was laying me off because they were anticipating a strike by the Portsmouth local." The company's representatives said, "Laid off due to labor dispute. Would not have been laid off if no labor dispute existed."

[1] R.C. 4141.29 provides, in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"(1) For any week with respect to which the administrator finds that:

"(a) His unemployment was due to a labor dispute other than a lockout at any factory, establishment, or other premises located in this or any other state and owned or operated by the employer by which he is or was last employed; and for so long as his unemployment is due to such labor dispute. * * * If it is established that the claimant * * * was separated by the employer prior to the dispute for reasons other than the labor dispute, * * * such labor dispute shall not render the employee ineligible for benefits."

[2] The three assignments of error are:

"(1) The Common Pleas Court erred in misconstruing the 'labor dispute' provisions of 4141.29(D)(1)(a).

"(2) The Common Pleas Court erred in substituting its judgment for that of the trier-of-fact, the Board of Review, on a factual question.

"(3) The Common Pleas Court erred in citing, and relying upon, a misquoted statement by the employer."

The central issue before us may be phrased in the following alternative forms: Is an employee's unemployment "due to a labor dispute" when he is laid off at the end of a workday because the employer anticipates a strike beginning the next day, and the strike takes place as anticipated? Or, does the strike cause the layoff even though the layoff occurs first in sequence? We answer both questions in the affirmative.[3]

For any individual to be disqualified from receiving unemployment benefits under R.C. 4141.29(D)(1)(a), the unemployment must be "caused by" a labor dispute. *Baugh* v. *United Tel. Co.* (1978), 54 Ohio St. 2d 419 [8 O.O.3d 427]. Hopkins argues that the company cannot subjectively anticipate a strike scheduled to start at or before the beginning of the next day, and that to be the cause of unemployment under the statute, the strike must be in progress at the moment of the layoff. While the Supreme Court used the term "proximate cause" in its syllabus, we do not interpret *Baugh* to require any fixed sequence of events or any unalterable order of cause and effect. We do not believe that the employer must wait until the day of the strike before advising workers that their work is shut down.

In examining the issue of whether a complainant is disqualified for unemployment benefits, we are concerned with the dynamics of the relationship between employer and employee in the circumstances surrounding the work and the workplace. We are not analyzing physical causation as we would, for instance, in a negligence action for personal injuries, where cause and effect are more rigidly sequenced. The law acknowledges the almost limitless variety of circumstances affecting relationships between persons in the dynamics of commercial and industrial affairs; the law recognizes the legal consequences of anticipatory breaches of contracts by allowing the injured party, once the other contracting party has repudiated the contract, to sue for damages or rescission, without waiting for the contractual time of performance.[4] We believe the law should, equally, view with favor the reasonable anticipation of a labor dispute that will stop work the next day, when in fact the anticipated event takes place. Common sense and a realistic appraisal of what is just leads us to conclude that Hopkins's layoff was caused by the next day's strike under the circumstances disclosed by the record.

We reverse the judgment of the court of common pleas and, rendering the judgment to which the appellant is entitled, we reinstate the decision of the Board of Review of OBES.

*Judgment accordingly.*

PALMER, P.J., and DOAN, J., concur.

---

[3] We sustain OBES's first assignment of error, it being our understanding that the intent was to raise the legal issue of causation, but we overrule the other two assignments of error because in our opinion the trial court's error lay in misapplying the statute, not in factual mistakes.

[4] *Smith* v. *Sloss Marblehead Lime Co.* (1898), 57 Ohio St. 518; *Diem* v. *Koblitz* (1892), 49 Ohio St. 41.